# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CITY OF NEODESHA, ) | |
| ) | CONSOLIDATED |
| Plaintiff, ) | CIVIL ACTIONS |
| ) | Nos. 15-4025-KHV through |
| v. ) | 15-4844-KHV and No. 15-4847-KHV |
| ) | [Consolidated under No. 15-4025-KHV] |
| BP CORPORATION NORTH ) | |
| AMERICA INC., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on The City Of Neodesha's Motion To Certify Order For Interlocutory Appeal (Doc. #74) filed April 14, 2016 in Case No. 15-4014. The City asks the Court to certify an immediate appeal of its Memorandum And Order (Doc. #69) filed March 31, 2016 in Case No. 15-4014, which overruled the City's motion to remand these cases to Neodesha Municipal Court. For reasons set forth below, and for substantially the reasons set out in BP's Opposition To The City Of Neodesha's Motion To Certify Order For Interlocutory Appeal (Doc. #82) filed May 12, 2016 in Case No. 15-4014, the Court finds that the motion should be overruled.

## Legal Standards

The court of appeals may hear appeals from all final decisions of the district courts of the United States and certain interlocutory orders involving injunctions, appointing receivers and determining rights in admiralty cases. See 28 U.S.C. § 1291; 28 U.S.C. § 1292(a). With regard to other interlocutory orders, a district judge may certify an interlocutory order when she is of the opinion that (1) such order involves a controlling question of law, (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation, and (3) a substantial ground

for difference of opinion exists with respect to the question of law. See 28 U.S.C. § 1292(b).[1]

The Court retains discretion to certify an interlocutory order for appeal under Section 1292(b). See Swint v. Chambers Cty. Comm'n, 514 U.S. 35, 47 (1995). Such certification is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." Menefee v. Werholtz, No. 08-2214-SAC, 2009 WL 949134, at *1 (D. Kan. April 7, 2009) (quoting State of Utah ex rel. Utah State Dep't of Health v. Kennecott Corp., 14 F.3d 1489, 1495 (10th Cir. 1994)). A primary purpose of Section 1292(b) is to provide an opportunity to review an order when an immediate appeal would "materially advance the ultimate termination of the litigation." Menefee, 2009 WL 949134, at *1 (quoting Kennecott, 14 F.3d at 1495).

**Background**

The Court incorporates by reference the factual background and analysis set forth in the Memorandum And Order (Doc. #69) filed March 31, 2016 in Case No. 15-4014-KHV.

On December 19, 2014, the City filed 821 complaints in Neodesha Municipal Court, alleging that BP had violated newly enacted provisions of the Neodesha waste ordinance, Section 36-407 of

---

[1] Section 1292(b) provides as follows:

(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

the Neodesha City Code.[2] On January 27 and 28, 2015, BP filed notices of removal in the 821 cases. See Case Nos. 15-4025-KHV through 15-4844-KHV, and Case No. 15-4847-KHV (Municipal Court Nos. 2014-1202, et seq.).[3] The City asked the Court to remand these cases, arguing that the Court lacked subject matter jurisdiction because they are not "civil actions" that can be removed under 28 U.S.C. §§ 1332 and 1441. Specifically, the City argued that the complaints are criminal or quasi-criminal actions which seek to impose a punishment or penalty to enforce a public right. BP asserted that the complaints are civil in nature.[4]

The Court undertook a detailed analysis of the face of the complaints, the language of the

---

[2] Each complaint alleged that as to a specific tract of property in the City, from September 1, 2009 through December 19, 2014 and beyond, BP violated Section 36-407(a) which makes it unlawful to allow hazardous or industrial wastes to accumulate or run off by natural or unnatural migration on or under the surface (Counts One and Two); Section 36-407(b), which requires owners and occupants to maintain their premises free of industrial and hazardous wastes, (Count Three); Section 36-407(c), which makes it unlawful to fail to dispose of refuse, including benzene and other hydrocarbons, in a clean and sanitary manner (Count Four); and Section 36-406(d) which makes it unlawful to accumulate industrial waste or hazardous waste in a manner not approved (Count Five). See, e.g., Doc. #1-2 filed January 28, 2015 in Case No. 15-4025-KHV.

[3] On February 9, 2015, Magistrate Judge James P. Judge O'Hara ordered that the 821 cases which BP removed on January 27 and 28, 2015, as well as ten additional cases which BP and another defendant removed on January 28, be consolidated for purposes of remand issues. See Order (Doc. #11) filed February 9, 2015 in Case No. 15-4014. Judge O'Hara noted that the parties agreed that all of the cases shared common issues regarding the anticipated motion to remand, and that the additional ten cases (Case Nos. 15-4014-KHV and 15-4016-KHV through 15-4024-KHV) presented additional issues regarding the anticipated motion to remand. Judge O'Hara ordered the parties to file two sets of briefs addressing the appropriateness of remand: one set related to the 821 cases ("the primary motion"), and a second set related to the ten cases, with both sets to be filed only in the first filed case, 15-4014-KHV. After the Court overruled plaintiff's motion to remand in the 821 cases, the Court consolidated them under Case No. 15-4025-KHV. See Doc. #6 in Case No. 15-4025 (consolidating Case Nos. 15-4025-KHV through 15-4844-KHV, and Case No. 15-4847-KHV).

[4] Highly summarized, BP argued that the complaints are civil actions because the Neodesha Municipal Code does not authorize imprisonment for violations of the waste ordinance and, under Kansas law, an offense is not criminal unless imprisonment is a potential penalty.

-3-

Neodesha Municipal Code, the Kansas statutory definition of a crime and federal and state case law. The Court ruled that the alleged violations of Neodesha Code § 36-407 are "civil actions" for purposes of removal under Section 1441, and thus overruled the motion to remand. See Doc. #69 at 23. On April 14, 2016, the City filed a motion asking the Court to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). See Doc. #74.

## Analysis

The City asserts that the Court should certify for appeal its order which found that the alleged violations of the Neodesha Code are "civil actions" for purposes of removal under Section 1441. As noted, a district judge may certify an interlocutory order for immediate appeal when she is of the opinion that (1) such order involves a controlling question of law, (2) an immediate appeal from the order may materially advance the ultimate termination of the litigation, and (3) a substantial ground for difference of opinion exists with respect to the question of law. See 28 U.S.C. § 1292(b).

The City contends that the Court's ruling involves a controlling question of law for which substantial grounds for difference of opinon exist and that certification will materially advance the ultimate termination of the litigation. The Court disagrees.

First, an issue is controlling if resolution of the issue on appeal could materially affect the outcome of litigation in the district court. See In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982). Here, the ruling that BP properly removed the complaints is jurisdictional; it does not materially affect the outcome of the litigation. Further, in determining whether a question of law is controlling under Section 1292(b), courts ask whether the ruling will create precedent for a large number of other suits. See APPC Servs., Inc. v. AT&T Corp., 297 F. Supp.2d 101, 105 (D.D.C. 2003). As the Court noted in overruling the motion to remand, these cases are unique, and therefore

the ruling that the complaints assert civil actions does not create precedent for a large number of other suits.

Second, the City has not shown a substantial ground for difference of opinion on the issue whether the complaints set out civil actions. Although the City correctly notes that no court has previously addressed this issue, the fact that courts have not previously ruled on a specific issue is not sufficient to establish a substantial ground for difference of opinion. See Adams v. Burlington N. R.R. Co., 843 F. Supp. 686, 688 (D. Kan. 1994). Moreover, certification requires the Court to assess the strength of the legal issue involved; here, the City's legal position in opposing remand was not strong. See Doc. #69 at 23 ("the clearest evidence is that when the City lost the civil remediation cases, it enacted new legislation to generate alternative sources of revenue to clean up the contamination – not to punish crimes which BP was committing in the City.").

Finally, the Court finds that certification would not materially advance the ultimate termination of this litigation. If the Tenth Circuit were to determine that this Court lacks jurisdiction, the litigation would simply revert to the Neodesha Municipal Court. "It is difficult to imagine circumstances under which [an] interlocutory appellate adjudication of the . . . jurisdictional issue of which court (federal versus state) should proceed to determine the merits of a case would materially advance the ultimate termination of the case." Alta Gold Mining Co. v. Aero-Nautical Leasing Corp., No. 3:13-cv-00311-RCF-VPC, 2013 WL 5671170, at *3 (D. Nev. Oct. 15, 2013). The Court finds that an immediate appeal would delay, and not materially advance, the ultimate termination of the litigation. In fact, proceeding with discovery in this Court will advance the ultimate termination of this litigation. Accordingly, the Court overrules defendant's request for certification of an interlocutory appeal.

**IT IS THEREFORE ORDERED** that The City Of Neodesha's Motion To Certify Order For Interlocutory Appeal (Doc. #74) filed April 14, 2016 in Case No. 15-4014 be and hereby is **OVERRULED.**

Dated this 28th day of June, 2016 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
