## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CITY OF NEODESHA, | ) | |
| | ) | **CONSOLIDATED** |
| Plaintiff, | ) | **CIVIL ACTIONS** |
| | ) | |
| | ) | **Nos. 15-4025-KHV through** |
| v. | ) | **15-4844-KHV and No. 15-4847-KHV** |
| | ) | **[Consolidated under No. 15-4025-KHV]** |
| BP CORPORATION NORTH | ) | |
| AMERICA INC., BP PRODUCTS | ) | |
| NORTH AMERICA, INC, and | ) | |
| ATLANTIC RICHFIELD COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

The City of Neodesha brings diversity suits against BP Corporation North America Inc., BP Products North America, Inc., and Atlantic Richfield Company (collectively, "BP"), alleging that BP violated four subsections of the City waste ordinance as to 825 parcels of land. See Neodesha City Code Section 36-407. This matter is before the Court on the City's Motion For Leave To File Consolidated Second Amended Complaint (Doc. #31) filed July 18, 2016. For reasons set forth below, the Court finds that the motion should be overruled.

## Legal Standards

Under Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts should "freely give leave when justice so requires." Id. A court may refuse to grant leave to amend, however, based upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment. Duncan v. Manager, Dep't of Safety, City & Cty. of

<u>Denver</u>, 397 F.3d 1300, 1315 (10th Cir. 2005).  With regard to futility, a court must analyze the proposed amendment as though it were before the court on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  <u>Ketchum v. Cruz</u>, 961 F.2d 916, 920 (10th Cir. 1992).

Under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face.  <u>Id.</u> at 679-80; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  In determining whether it states a plausible claim for relief, the Court draws on its judicial experience and common sense.  <u>Iqbal</u>, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions.  <u>See id.</u>; <u>Hall v. Bellmon</u>, 935 F.3d 1106, 1110 (10th Cir. 1991).  Plaintiff bears the burden of framing its claim with enough factual matter to suggest that it is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements.  <u>Twombly</u>, 550 U.S. at 556.  Plaintiff makes a facially plausible claim when it pleads factual content from which the Court can reasonably infer that defendant plaintiff is liable for the misconduct alleged.  <u>Iqbal</u>, 556 U.S. at 678.  Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" liability.  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).  A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand.  <u>Iqbal</u>, 556 U.S. at 678.  Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief.  <u>Id.</u> at 1950.  The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R.

Civ. P., depends on the type of case.  Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (citing Phillips v. Cty. of Allegheny, 515 F.3d 224, 232-33 (3d Cir. 2008)).

## Procedural Background

On December 19, 2014, the City filed 821complaints in Neodesha Municipal Court, alleging that BP had violated newly revised provisions of the Neodesha waste ordinance, Section 36-407 of the Neodesha City Code.  Each complaint alleged that as to a specific tract of property in the City, from September 1, 2009 through December 19, 2014 and beyond, BP violated Section 36-407(a), which makes it unlawful to allow hazardous or industrial wastes to accumulate or run off by natural or unnatural migration on or under the surface (Counts One and Two); Section 36-407(b), which requires owners and occupants to maintain their premises free of industrial and hazardous wastes, (Count Three); Section 36-407(c), which makes it unlawful to fail to dispose of refuse, including benzene and other hydrocarbons, in a clean and sanitary manner (Count Four); and Section 36-407(d) which makes it unlawful to accumulate industrial waste or hazardous waste in a manner not approved (Count Five).  See, e.g., Doc. #1-2 filed January 28, 2015 in Case No. 15-4025-KHV.

On January 27 and 28, 2015, BP filed notices of removal in the 821 cases.  See Case Nos. 15-4025-KHV through 15-4844-KHV, and Case No. 15-4847-KHV (Municipal Court Nos. 2014-1202, et seq.).[1]  The City filed a motion to remand arguing that the Court lacked subject matter jurisdiction because the cases were not "civil actions" that could be removed under 28 U.S.C. §§ 1332 and 1441.

---

[1]      On February 9, 2015, Magistrate Judge James P. Judge O'Hara ordered that the 821 cases which BP removed on January 27 and 28, 2015, as well as ten additional cases which BP and another defendant removed on January 28, be consolidated for purposes of remand issues.  See Order (Doc. #11) filed February 9, 2015 in Case No. 15-4014.  Judge O'Hara noted that the parties agreed that all of the cases shared common issues regarding the anticipated motion to remand, and that the additional ten cases (Case Nos. 15-4014-KHV and 15-4016-KHV through 15-4024-KHV) presented additional issues regarding the anticipated motion to remand.

Specifically, the City argued that the complaints were criminal or quasi-criminal actions which sought to impose a punishment or penalty to enforce a public right. BP asserted that the complaints were civil in nature. The Court undertook a detailed analysis of the complaints, the language of the Neodesha Municipal Code, the Kansas statutory definition of a crime and federal and state case law. The Court ruled that the alleged violations of revised Neodesha Code § 36-407 were "civil actions" for purposes of removal under Section 1441, and thus overruled the motion to remand. See Memorandum And Order (Doc. #69) filed March 31, 2016 in Case No. 15-4014 (incorporated herein by reference).[2]

On April 19, 2016, the City filed amended complaints in each of the 821 cases. On April 20, 2016, the Court consolidated the cases under Case No. 15-4025. See Order Consolidating Cases (Doc. #6) filed in Case No. 15-4014.[3] On June 6, 2016, BP filed a motion for judgment on the pleadings. See BP Corporation North America Inc.'s Rule 12(c) Motion For Judgment On The Pleadings On The City Of Neodesha's Amended Complaints (Doc. #21). On July 18, 2016, the City responded by filing a motion for leave to file a consolidated second amended complaint. See City's Motion For Leave To File Consolidated Second Amended Complaint (Doc. #31).

---

[2]      On April 14, 2016, the City filed a motion asking the Court to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). See Doc. #28. On June 28, 2016, the Court overruled the motion to certify. See Memorandum And Order (Doc. #29).

[3]      On April 26, 2016, BP removed four additional municipal court actions under Case Nos. 16-4048 through 16-4051. The City filed amended complaints in the four additional cases. On June 21, 2016, the Court consolidated the four additional cases under Case No. 15-4025. See Order Consolidating Cases (Doc. #24).

**Facts**

Plaintiff's proposed consolidated second amended complaint alleges the following facts:

The City is a municipality in Wilson County in southeastern Kansas.  BP has admitted that petroleum waste products are in the groundwater and subsurface soil of certain portions of the City.  BP has acknowledged responsibility to address the  presence of such waste products.  The waste products include (1) volatile organic compounds ("VOCs") such as benzene, toluene, ethyl benzene and xylenes; (2) semi-volatile organic compounds such as polyaromatic hydrocarbons; and (3) metals such as arsenic, chromium, lead and mercury.

For many years, BP has conducted semi-annual groundwater and surface water monitoring events in the City.  BP conducted monitoring events in April and October of 2009; May and October of 2010, 2011, 2012, 2013 and 2014; and May of 2015.  During each monitoring event BP took and analyzed a number of groundwater samples for VOCs and screened them  against Tier II risk-based levels established by the Kansas Department of Health and Environment ("KDHE").  Tier II levels are "based upon current EPA toxicity values . . . [and] represent the concentrations at which the contaminants pose an acceptable human health risk to receptors, including sensitive groups (children or the elderly), over a lifetime."  Kansas Dep't of Health & Env't, Risk-Based Standards for Kansas § 3.2 (5th ed. 2010, rev'd 2015).[4]

The monitoring events from April of 2009 through May of 2015 tested between 86 and 139 groundwater samples for VOCs.  Results from each event showed that from nine to twelve petroleum-related VOCs exceeded KDHE Tier II levels in one or more samples.  Over the course of this period, testing detected benzene in between 42 to 84 samples; 43 to 84 of those detections

---

[4]        Available at http://www.kdheks.gov/remedial/download/RSK_Manual_15.pdf.

exceeded the KDHE Tier II level of 5 micrograms per liter (µg/L). The highest benzene level at the events ranged from 9,270 µg/L – over 1,800 times greater than the KDHE Tier II level – at the May 2015 event to 26,900 µg/L – over 5,300 times greater than the KDHE Tier II level – at the October 2012 event.

Scientists recognize that benzene and other hydrocarbons in groundwater and subsurface soil can migrate upward as vapors.  Thus, in areas where benzene is present in the groundwater and subsurface soil, benzene is likely to be present near or at the land surface.

Each monitoring event indicated that the benzene plume had remained relatively constant throughout the history of the groundwater monitoring program.  Reports of monitoring events include a visual depiction of the plume's boundaries in and around the City of Neodesha.  The plume corresponds with the parcels of land described in Doc. #31-1 (the "Affected Properties"), incorporated by reference.

The benzene at the Affected Properties has not been disposed of in a clean and sanitary manner; its presence in the soil and groundwater poses a hazard to human health and the environment.  Neither the City Sanitation Officer nor any other public official of the City approved or authorized the presence of benzene at the Affected Properties.

Count One alleges that on September 1, 2009, and continuing every day through November 11, 2014, BP violated § 36-407(a) of the Neodesha City Code by "throwing, placing, depositing, allowing to accumulate, leaving, or causing to be placed or deposited refuse or solid wastes (namely benzene or other VOCs) at each of the Affected Properties." Proposed Consolidated Second Amended Complaint (Doc. #31-1) at 8.

Count Two alleges that  on September 1, 2009, and continuing every day through

November 11, 2014, BP violated § 36-407(b) of the Neodesha City Code by "failing to maintain its premises in a clean and sanitary manner, free from refuse and solid waste (namely: benzene or other VOCs) and, as such, caused a violation of § 36-407(b) to exist at each of the Affected Properties."
Id.

Count Three alleges that on September 1, 2009, and continuing every day through November 11, 2014, BP violated § 36-407(c) of the Neodesha City Code by "failing to dispose of all refuse (namely benzene or other VOCs) in a clean and sanitary manner, by placing the same in approved containers for collection and disposal by the city, its agents or employees, and as such, caused a violation of § 36-407(c) to exist at each of the Affected Properties." Id. at 8-9.

Count Four alleges that on September 1, 2009, and continuing every day through November 11, 2014, BP violated § 36-407(d) of the Neodesha City Code by "accumulating refuse, solid waste, or garbage (namely: benzene and/or other hydrocarbons) in a manner not approved by the sanitation officer, and as such, caused a public nuisance to exist at each of the Affected Properties." Id. at 9.

These claims, on their face, are factually plausible. They do not give rise, however, to a claim for the relief which plaintiff seeks.  The second amended complaint seeks the following relief:

APPLICABLE PUNISHMENT

The above-charged violations are unclassified violations punishable under § 1-7(c) and (d) of the Neodesha City Code by a definite term of confinement in the county jail which shall be fixed by the court and shall not exceed one month, and/or a sentence to pay a fine which shall be fixed by the court, and shall not exceed $500.00. The above-charged violations are continuous with respect to time under § 1-7(e) of the Neodesha City Code.

Id.

**Analysis**

On May 6, 2016, in response to the City's amended complaint, BP filed a motion for judgment on the pleadings.  See Motion For Judgment On The Pleadings (Doc. #21).  Among other things, BP asserted that the amended complaint merely mirrored the language of Section 36-407 without alleging any facts.  In response, the City conceded the need to plead some facts and filed this motion seeking leave to file a second amended complaint.  See Docs. #31, 32.  BP opposes plaintiff's motion, claiming that the proposed amendment is futile.  See Doc. #35.

The Court agrees that the proposed amendment does not set out a claim for relief which this Court can grant, and that it is therefore futile.

Article III, Section 1 of the United States Constitution invests the federal "Judicial Power" in the courts.  Section 2 expressly limits this power to "cases" or "controversies," which assures that federal courts will not intrude into areas committed to the other two branches of government.  See Flast v. Cohen, 392 U.S. 83, 95 (1968).  Four standards assure that this requirement is satisfied: the dispute must (1) be "definite and concrete;" (2) touch the legal relations of parties having adverse legal interests; (3) be real and substantial, (4) "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007).  Therefore, a United States district court should not conduct proceedings bearing on the merits without having first determined that the court would have the power to grant some form of relief.  See Cool Light Co. v. GTE Prod. Corp., 832 F. Supp. 449, 461, 462 (D. Mass. 1993), aff'd, 24 F.3d 349 (1st Cir. 1994); cf. Longval v. United States, 41 Fed. Cl. 291, 302 (1998) (court could not grant judicial relief from Correction Board decision absent gross injustice, clear legal and factual error,

manifest abuse of discretion, or arbitrary and capricious action).

Here, the proposed complaint seeks only one form of relief: punishment by a term of confinement in the county jail for up to one month and/or a fine not to exceed $500. Aside from the question whether the Court even has jurisdiction over such claims, the City has cited no authority which would authorize this Court to order defendants to pay punitive municipal fines or serve sentences of confinement in a county jail. Cf. Bratley v. Nelson, 67 F. Supp. 272, 275 (S.D. Fla. 1946) (declining to exercise equitable power, noting that Congress leaves to state and municipal courts trials of criminal violations of state and municipal laws). Here, the City asserts claims which are factually plausible but demands only relief which the Court cannot grant. The Court therefore overrules as futile the City's motion for leave to amend.[5]

**IT IS THEREFORE ORDERED** that the City's Motion For Leave To File Consolidated Second Amended Complaint (Doc. #31) filed July 18, 2016 be and hereby is **OVERRULED**.

Dated this 16th day of March, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[5] The City might be able to seek more conventional civil remedies for violations of the municipal ordinances in question. It does not do so, however, so the Court need not address whether such remedies would be available.

-9-