## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CITY OF NEODESHA, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> BP CORPORATION NORTH ) <br> AMERICA INC., BP PRODUCTS ) <br> NORTH AMERICA, INC., and ) <br> ATLANTIC RICHFIELD COMPANY, ) <br> ) <br> Defendants. ) <br> _____) | CONSOLIDATED <br> CIVIL ACTIONS <br><br> Nos. 15-4025-KHV through <br> 15-4844-KHV and No. 15-4847-KHV <br> [Consolidated under No. 15-4025-KHV] |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>BP Corporation North America Inc.'s Rule 12(c) Motion For Judgment On The Pleadings</u> (Doc. #21) filed June 6, 2016 and BP's oral motion to dismiss with prejudice under Rule 41(b), Fed. R. Civ. P. Also before the Court are the <u>City Of Neodesha's Second Motion For Remand</u> (Doc. #41) filed April 28, 2017 and the City's oral motion to dismiss the amended complaints without prejudice under Rule 41(a)(2), Fed. R. Civ. P. For reasons set forth below, the Court sustains in part defendant's motion for judgment on the pleadings, dismisses plaintiff's claims with prejudice and overrules plaintiff's motion to remand and motion to dismiss without prejudice.

## Legal Standards

Under Rule 12(c), Fed. R. Civ. P., a party may move for judgment on the pleadings after the pleadings are closed as long as the motion does not delay trial. Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." <u>Sanders v.</u>

Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1141 (10th Cir. 2012). The standard for dismissal under Rule 12(c) is the same as a dismissal under Rule 12(b)(6), Fed. R. Civ. P.

Under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id. at 679-80; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether it states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 556 U.S. at 679.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden of framing its claim with enough factual matter to suggest that it is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by conclusory statements. Twombly, 550 U.S. at 556. Plaintiff makes a facially plausible claim when it pleads factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 556 U.S. at 678. Plaintiff must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" liability. Id. (quoting Twombly, 550 U.S. at 557).

A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Iqbal, 556 U.S. at 678. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but has not "shown" – that the pleader is entitled to relief. Id. at 679. The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2), Fed. R. Civ. P.,

depends on the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 23-32 (3d Cir. 2008)).

**Procedural Background**

On December 19, 2014, the City filed 821 complaints in Neodesha Municipal Court, alleging that BP had violated newly revised provisions of the Neodesha waste ordinance, Section 36-407 of the Neodesha City Code. On January 27 and 28, 2015, BP removed those cases to this Court. See Case Nos. 15-4025-KHV through 15-4844-KHV, and Case No. 15-4847-KHV (Municipal Court Nos. 2014-1202, et seq.).[1] The City filed a motion to remand, arguing that the Court lacked subject matter jurisdiction because the cases were not "civil actions" that could be removed under 28 U.S.C. §§ 1332 and 1441. BP asserted that the complaints were civil in nature. The Court agreed, and ruled that the alleged violations of revised Neodesha Code § 36-407 were "civil actions" for purposes of removal under Section 1441. See Memorandum And Order (Doc. #69) filed March 31, 2016 in Case No. 15-4014 (incorporated herein by reference).

On April 19, 2016, as a matter of right, the City filed amended complaints in each of the 821 cases. In answer to the amended complaints, BP asserted six counterclaims. See Answer, Affirmative Defenses And Counterclaims Of BP Corporation North America Inc. To City Of Neodesha's First Amended Complaints (Doc. #18) filed May 17, 2016.[2]

---

[1] On February 9, 2015, Magistrate Judge James P. Judge O'Hara ordered that the 821 cases which BP removed on January 27 and 28, 2015, as well as ten additional cases which BP and another defendant removed on January 28, 2015, be consolidated for purposes of remand issues. See Order (Doc. #11) in Case No. 15-4014.

[2] The counterclaims allege that enforcement of the nuisance and waste ordinances (both old and new) violates BP's Fourteenth Amendment rights to equal protection (Count 1) and due process (Count 2), that the ordinances are unconstitutionally vague as applied to BP (Count 3) and that Kansas state law preempts the municipal ordinances (Count 4). BP further alleges that in
(continued...)

-3-

On June 6, 2016, BP filed a motion for judgment on the pleadings. See BP Corporation North America Inc.'s Rule 12(c) Motion For Judgment On The Pleadings On The City Of Neodesha's Amended Complaints (Doc. #21). The City responded on July 18, 2016, by filing a motion for leave to file a consolidated second amended complaint. See City's Motion For Leave To File Consolidated Second Amended Complaint (Doc. #31).

On March 16, 2017, the Court overruled the City's motion for leave to file the consolidated second amended complaint. See Memorandum And Order (Doc. #39). The Court noted that the proposed second amended complaint sought only one form of relief: punishment by a term of confinement in the county jail for up to one month and/or a criminal fine not to exceed $500. The Court observed that "the City [had] cited no authority which would authorize this Court to order defendants to pay punitive municipal fines or serve sentences of confinement in a county jail." Id. at 9. It concluded that proposed second amended complaint was factually plausible but only demanded relief which the Court could not grant, and that the proposed amendment would be futile. Id.

On April 28, 2017, the City filed a second motion to remand, which seeks to capitalize on deficiencies in the amended complaints which the Court had called into focus in ruling that the proposed second amended complaint was futile because it did not state a claim on which the Court could grant relief. See Doc. #41.

---

²(...continued)
adopting the new ordinances, the City violated the Kansas Open Meetings Act, Kan. Stat. Ann. §§ 75-4317 et seq. (Count 5). Finally, BP seeks declaratory and injunctive relief including an injunction to prevent the City from filing and pursuing complaints against BP under its municipal ordinances (Count 6).

**Facts**

The amended complaints allege the following:

Count One: on September 1, 2009, and continuing every day through November 11, 2014, BP violated § 36-407(a) of the Neodesha City Code by "[t]hrowing, placing, depositing, allowing to accumulate, leaving, or causing to be placed or deposited refuse or solid wastes (namely benzene or other hydrocarbons) on: [property description]." Amended Complaint (Doc. #5) at 1.

Count Two: on September 1, 2009, and continuing every day through November 11, 2014, BP violated § 36-407(b) of the Neodesha City Code by "[f]ailing to maintain its premises in a clean and sanitary manner, free from refuse and solid waste (namely: benzene and/or other hydrocarbons) and, as such, caused a violation of § 36-407(b) to exist on: [property description]." Id.

Count Three: on September 1, 2009, and continuing every day through November 11, 2014, BP violated § 36-407(c) of the Neodesha City Code by "failing to dispose of all refuse (namely benzene or other hydrocarbons) in a clean and sanitary manner, by placing the same in approved containers for collection and disposal by the city, its agents or employees, and as such, caused a violation of § 36-407(c) to exist on: [property description]." Id. at 2.

Count Four: on September 1, 2009, and continuing every day through November 11, 2014, BP violated § 36-407(d) of the Neodesha City Code by "accumulating refuse, solid waste, or garbage (namely: benzene and/or other hydrocarbons) in a manner not approved by the sanitation officer, and as such, caused a public nuisance to exist on: [property description]." Id.

The amended complaints seek the following relief:

### APPLICABLE PUNISHMENT

The above-charged violations are unclassified violations punishable under § 1-7(c) and (d) of the Neodesha City Code by a definite term of confinement in the county jail which shall be fixed by the court and shall not exceed one month, and/or a sentence to pay a fine which shall be fixed by the court, and shall not exceed $500.00. The above-charged violations are continuous with respect to time under § 1-7(e) of the    Neodesha City Code.

Id.

## **Analysis**

BP first asserts that it is entitled to judgment on the pleadings because the amended complaints fail to state a claim. BP correctly points out that the amended complaints mirror the language of Section 36-407 but allege no facts. Threadbare recitation of the elements of a cause of action supported by labels and conclusions without further factual enhancement is not enough. See Twombly, 550 U.S. at 555-57. The amended complaints contain no factual content that allows the Court to draw the reasonable inference that BP is liable for the alleged misconduct. See Burnett v. Mortgage Elec. Registration Sys., Inc., 706 F.3d 1231, 1235 (10th Cir. 2013) (citing Iqbal, 556 U.S. at 678). The City has not alleged any facts animating the elements of its claims, and the amended complaints therefore fail to state a claim under Rule 12(b)(6), Fed. R. Civ. P.

In addition, as with the proposed second amended complaint, the amended complaints seek only one form of relief: punishment by a term of confinement in the county jail for up to one month and/or a criminal fine not to exceed $500. See Memorandum And Order (Doc. #39) at 9 (proposed second amended complaint futile because it only demanded relief which Court could not grant). After the Court overruled the City's motion to file the proposed consolidated second amended complaint, the City was on notice that the underlying amended complaints were insufficient. See id. at 8 (noting that City had conceded that amended complaints failed to allege sufficient factual

basis for claims) (citing City's Memorandum In Opposition To BP's Motion For Judgment On The Pleadings (Doc. #32) filed July 18, 2016 at 4). Nonetheless, rather than file a motion to amend the amended complaints or propose to dismiss them, the City filed a second motion to remand and continues to stand on clearly flawed pleadings which it knows are devoid of factual allegations and seek only relief which the Court cannot grant.

The City asserts that the amended complaints are moot so the Court lacks subject matter jurisdiction and must remand. Memorandum In Support Of The City's Second Motion For Remand (Doc. #42) filed April 28, 2017 at 1, 7. If removal was proper, however, subsequent events (including complaints amended as of right) cannot oust a district court of jurisdiction. See Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998) (once diversity jurisdiction attaches, subsequent events such as reduced amount in controversy do not defeat jurisdiction) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938) (amendment reducing amount in controversy does not defeat removal)); see also Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998) (invocation of Eleventh Amendment did not destroy previously existing jurisdiction over rest of diversity case).

At the hearing on May 30, 2017, the Court noted that the amended complaints failed to state a claim and explained why remand would not be proper. The Court opined that plaintiff filed the amended complaints and the motion to file a second amended complaint in a futile attempt to plead this case out of federal court.[3] By its own admission, the City did not thoroughly consider the effect

---

[3] In denying the City's first motion for remand, the Court observed that in response to its loss in a class action against BP, the City enacted a new waste ordinance which provided civil relief and immediately filed 821 lawsuits against BP under the new ordinance. After BP removed the case based on diversity jurisdiction, the City sought remand, asserting that the new ordinance
(continued...)

of those filings. The City, however, disavowed any interest in further amending its complaints. The City elected to stand on its deficient complaints to argue that the Court lacked jurisdiction and must remand. In the alternative, the City asked the Court to dismiss the amended complaints without prejudice. See Fed. R. Civ. P. Rule 41(a)(2) (at plaintiff's request, Court may dismiss an action on terms that Court considers proper).[4] Under Rule 41(b), Fed. R. Civ. P., however, if plaintiff fails to prosecute an action, defendant may move to dismiss the action with prejudice. Although BP did not file a formal motion to dismiss with prejudice under Rule 41(b), during oral argument counsel argued that the City "seemingly is going to continue to the ends of the earth to pursue every conceivable remedy against BP" and is "playing one game after another" and asserted that the Court should dismiss the City's claims with prejudice. See Transcript Of May 30, 2017 Status Conference And Motion Hearing (Doc. #51) at 31-32 filed June 12, 2017. The Court construes BP's request as an oral motion to dismiss for failure to prosecute under Rule 41(b).

Dismissal with prejudice under Rule 41(b) is a harsh remedy. See Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1162 (10th Cir. 2007). Unless the Court orders otherwise, a dismissal under Rule 41(b) is with prejudice unless it is for lack of jurisdiction or improper venue or failure to join a party under Rule 19. In determining whether to exercise its discretion to dismiss

---

[3](...continued)
which provided civil penalties was "meaningless or inapplicable." The Court overruled the motion to remand, finding the City's assertions "audacious." See Doc. #69 in No. 15-4014, at 12. The City then filed amended complaints which exclusively alleged violations of the repealed ordinances.

[4]   Under Rule 41(a), where the opposing party has filed an answer, plaintiff may dismiss an action without prejudice without leave of Court only if it obtains a stipulation of dismissal signed by all parties who have appeared. Here, BP does not consent to dismissal without prejudice.

with prejudice, the Court considers certain criteria, including:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Olsen v. Mapes, 333 F.3d 1199, 1204 (10th Cir. 2003) (citing factors in Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)).

Here, the first two Ehrenhaus factors weigh in favor of dismissal with prejudice. BP has been prejudiced to a significant degree by having to respond to amended complaints and a motion to amend the amended complaints – both of which the City filed in a futile attempt to plead this case out of federal court. Cf. Mann v. Boatwright, 477 F.3d 1140, 1148 (10th Cir. 2007). By its own admission, the City did not thoroughly consider the effect of those filings. Its ill-considered pleadings and motions have clearly had a negative impact on the administration of justice and caused prejudice to BP.

The third and fourth Ehrenhaus factors – culpability and warning – also favor dismissal with prejudice. After the Court overruled the City's motion to file the proposed consolidated second amended complaint, the City was on notice that the underlying amended complaints were insufficient. See Memorandum And Order (Doc. #39) at 8 (noting that City had conceded that amended complaints failed to allege sufficient factual basis for claims). Nonetheless, rather than file a motion to amend the amended complaints or propose to dismiss them, the City filed a second motion to remand and continues to stand on clearly flawed pleadings which are devoid of factual allegations and seek only relief which the Court cannot grant. See Valmoja v. Akal Sec., Inc., No. CIV. 13-00343 LEK, 2013 WL 5376038, at *4 (D. Haw. Sept. 24, 2013) (in deciding whether to retain supplemental jurisdiction after plaintiff dismisses federal claims, court can consider whether

-9-

plaintiff attempted to manipulate forum to gain remand) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)). At the hearing on May 30, 2017, the Court noted that the amended complaints failed to state a claim, that remand would not be proper and that the Court was not inclined to grant the City's request to dismiss the amended complaints without prejudice. In response, the City disclaimed any intent to seek leave to amend the amended complaints. The City's actions show that it is culpable for its conduct.

The fifth Ehrenhaus factor, the efficacy of lesser sanctions, also weighs in favor of dismissal with prejudice. The Court sees no practical alternative to dismissing the City's claims with prejudice. Remand would not be a lesser sanction; it would reward rather than punish the City's tactics, and would be legally improper for reasons stated above. Dismissal without prejudice would not be efficacious, and would further multiply and prolong the litigation. Moreover, it is not clear that dismissal with prejudice would even be materially adverse to the City. If the City really wanted to enforce the old waste and nuisance ordinances against BP for time periods beginning on September 1, 2009, and ending on November 11, 2014, it has had nearly eight years to initiate those proceedings. It waited until April 19, 2016, to assert those claims, and even then, it only did so in an attempt to plead itself out of this Court. In the circumstances, the Court cannot conclude that the City filed the amended complaints in good faith in this Court or that future litigation on these claims would proceed in good faith. See Sheldon v. Vermonty, 269 F.3d 1202, 1207 n.5 (10th Cir. 2001) (dismissal with prejudice appropriate if plaintiff's amended pleadings fail to cure deficiencies in claims); Stouffer v. Eulberg, No. CIV-09-320-C, 2009 WL 4724272, at *1 (W.D. Okla. Dec. 7, 2009) (dismissing cause of action with prejudice where court gave plaintiff opportunity to amend to correct errors but plaintiff failed to do so).

**IT IS THEREFORE ORDERED** that BP Corporation North America Inc.'s Rule 12(c) Motion For Judgment On The Pleadings (Doc. #21) filed June 6, 2016 is **SUSTAINED in part.** The Court dismisses the City's claims for failure to state a claim.

**IT IS FURTHER ORDERED** that BP's oral motion to dismiss the City's claims with prejudice under Rule 41(b), Fed. R. Civ. P., for failure to prosecute is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the City Of Neodesha's Second Motion For Remand (Doc. #41) filed April 28, 2017 is **OVERRULED.**

**IT IS FURTHER ORDERED** that the City's oral motion to dismiss without prejudice under Rule 41(a)(2), Fed. R. Civ. P., is **OVERRULED.**

**IT IS FURTHER ORDERED** that the City's claims are **DISMISSED with prejudice**.

BP's counterclaims remain in the case.

Dated this 15th day of June, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
